**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BRANCH BANKING & TRUST**
**COMPANY, successor-in-interest to**
**Colonial Bank by Asset Acquisition from the**
**FDIC as Receiver for Colonial Bank, N.A.,**

            **Plaintiff,**

**-vs-**                                                   **Case No. 6:10-cv-1177-Orl-31KRS**

**MALABAR DEVELOPMENT, LLC; KIRK**
**W. KESSEL; C. DOUGLAS ENGLE; and**
**JAMES C. ALBRIGHT, JR.,**

            **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **PLAINTIFF'S AMENDED MOTION FOR AWARD OF ATTORNEYS' FEES AND STIPULATED MOTION AS TO COSTS (Doc. No. 80)**
>
> **FILED:**       **May 4, 2011**

**I.    PROCEDURAL HISTORY.**

      On March 22, 2011, the Court granted Plaintiff Branch Banking & Trust Company's (BB&T) motion for summary judgment against Defendants Malabar Development, LLC, Kirk W. Kessel, C. Douglas Engle and James C. Albright, Jr. Doc. No. 64. BB&T now seeks attorneys' fees in the amount of $70,002.00 and costs of $ 3,856.24. Doc. No. 80. Defendants do not contest entitlement

to the fees, but dispute the reasonableness of the fees and question the validity of certain time entries. R. 81. Defendants do not contest the award of costs. Accordingly, I will address in detail only the dispute regarding attorney's fees.

## II. APPLICABLE LAW.

Both the Amended Loan Agreement and each Guaranty Agreement on which BB&T prevailed require Defendants to pay reasonable attorney's fees. *See* Doc. No. 80 at 3 (quoting the language of the agreements).

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the United States Supreme Court stated, "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id.* at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433. "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for

each activity." *Norman*, 836 F.2d at 1303. Moreover, fee applicants must provide "'fairly definite information'" concerning activities performed by each attorney. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Serv., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002). The Court "is itself an expert on the question [of reasonable fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (internal citations omitted).

## III.  ANALYSIS.

BB&T did not favor the Court with a lodestar chart showing the professionals for whose work it seeks fees and the hourly rates sought for each professional. The redacted billing statements filed with the Court show the breakdown of fees sought for work performed between June 2010 and March 2011 as follows:

| Professional | Hourly Rate | Hours Worked | Fees Sought |
|---|---|---|---|
| Eric C. Edison, Esq. | $295.00 | 186.15 | $54,914.25 |
| James W. Carpenter, Esq. | $325.00 | .70 | $227.50 |
| Gavin S. Banta, Esq. | $375.00 | 57.00 | $21,375.00 |
| Lindsay Magner, Esq. | $195.00 | 2.50 | $487.50 |
| Adam Wick. Esq. | $225.00 | 1.50 | $337.50 |
| Annie Fraas (paralegal) | $150.00 | 13.25 | $1,987.50 |
| DAL[1] (paralegal) | $150.00 | 2.4 | $360.00 |
| **SUBTOTAL** | | | $79,689.25 |
| Less Writedowns Reflected in Statements[2] | | | ($9,667.25) |
| **TOTAL**[3] | | | **$70,022.00** |

A.   *Reasonableness of Hourly Rates.*

BB&T submitted an affidavit in support of its motion from Roger D. Haagenson, Esq., who is an attorney in Broward County, Florida. Haagenson avers that fees of $295.00 per hour for Eric C. Edison, Esq., $325.00 per hour for James W. Carpenter, Esq., $375.00 for Gavin S. Banta, Esq., $195.00 for Lindsay Magner, and $150.00 for paralegals Dawn Fontana and Annie Fraas are reasonable in Broward County. Doc. No. 80-3. Defendants correctly point out that what may be reasonable for attorneys' fee rates in Broward County, which is in the Southern District of Florida,

---

[1] DAL are the initials used on the billing statements. This paralegal is not otherwise identified, although the initials may refer to Dawn Fontana, a paralegal referred to in the expert witness affidavit discussed herein.

[2] The statements do not reflect the work to which the writedowns were applied

[3] . The reason for the $20.00 discrepancy in the amount requested and the amount reflected in the billing statements is unclear.

may not be reasonable for work performed in a case in central Florida. Doc. No. 81. *See ACLU v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999)("the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.' "). Furthermore, there is no evidence that BB&T paid each professional at the hourly rate reflected in the billing statements.

Accordingly, the Court must determine a reasonable hourly rate for each timekeeper in accordance with reasonable rates in central Florida. BB&T did not provide biographical information on its timekeepers. The following information was obtained from the website of BB&T's counsel, www.angelolaw.com (last visited May 19, 2011) or from the Florida Bar website, www.flabar.org (last visited May 19, 2011).

Eric C. Edison, Esq., was admitted to practice law in Florida in April of 2005. A judge of this Court has opined that a reasonable hourly rate for an attorney practicing between 5 and 6 years is $270.00. *Renninger v. Phillips & Cohen Assocs., Ltd.*, No. 8:10-cv-5-T-33EAJ, 2010 WL 3259417, at * 2 (M.D. Fla. Aug. 18, 2010). I therefore recommend that the Court find that a reasonable rate for Edison's work is $270.00 per hour.

Gavin S. Banta, Esq., is a shareholder in the firm and was admitted to the Florida Bar in November of 1999. He specializes in the fields of real estate and financial services. Judges of this Court have determined that a reasonable hourly rate for an attorney practicing 16 years in the area of consumer litigation regarding debt collection practices is $300.00 to $338.00 per hour. *See Renninger*, 2010 WL 3259417, at * 2; *Zachloul v. Fair Debt Collections and Outsourcing*, No. 8:09-cv-128-Orl-T-27MAP, 2010 WL 1730789, at * 2 (M.D. Fla. March 19, 2010). No evidence having been offered of Banta's particular expertise in cases of this type, I recommend that the Court find that

the lower end of this scale is reasonable. I therefore find that a reasonable rate for Banta's work is $300.00 per hour.

James W. Carpenter, Esq., is a partner[4] in the firm and graduated from law school in 1986 and has been a member of the Florida Bar since 1987. He specializes in the fields of commercial litigation, creditors' rights, bankruptcy and foreclosure law. The Court has previously found that a reasonable hourly rate for attorneys practicing between 20 and 30 years is between $310.00 and $375.00. *Securities and Exchange Commission v. Kirkland*, Case No. 06-cv-183-JA-KRS, Doc. Nos. 652 at 11-12, 678. I therefore recommend that the Court find that Carpenter's requested rate of $325.00 per hour is reasonable.

Lindsay Magner, Esq., was admitted to practice law in Florida in September of 2010. I recommend that the Court find that $125.00 per hour is reasonable for an attorney with less than 1 year of experience.

Adam Wick, Esq., was admitted to practice law in Florida in September of 2008. Haagenson did not aver that Wick's work was reasonable. A judge of this Court has determined that a reasonably hourly rate for attorneys with 2 to 3 years of experience is $225.00 per hour. *Stone v. Nat'l Enterprise Sys.*, 6:08-cv-1523-Orl-22GJK, 2009 WL 3336073, at *4-5 (M.D. Fla. Oct. 15, 2009). Therefore, I recommend that the Court find that Wick's requested rate is reasonable.

There is no information available on the paralegals. Judges in the Middle District of Florida have generally found that a reasonable rate for a paralegal in the central Florida market is between $75.00 and $95.00. *See, e.g., Selby v. Christian Nicholas & Assocs., Inc.*, No. 3:09-cv-121-J-34JRK,

---

[4] The law firm designated Banta as a shareholder and Carpenter as a partner. The Court is unaware of the structure of the law firm or the differences between these two positions.

2010 WL 745748, at * 5 (M.D. Fla. Feb. 2, 2010). Because no information was provided regarding the qualifications of the paralegals, I recommend that the Court find that $75.00 per hour is a reasonable hourly rate for their compensable time.

  *B.*  *Objection to Specific Time Entries*.

    **1.**  **Duplication of Effort.**

Defendants object to several of the time entries as duplicative because Edison and Banta completed the same tasks. On August 3, 2010, Edison worked 2.0 hours and Banta worked 1.5 hours preparing the complaint, and on August 4, 2010, Banta worked some portion of 0.8 hours finalizing the complaint. Doc. No. 80-2 at 7. The complaint contains a detailed recitation of the history of the loan transactions and guaranty agreements at issue. I find it reasonable for two lawyers to have worked approximately 4 hours preparing this document, and that it was reasonable for Banta, the more senior of the two lawyers, to have participated in the drafting. Therefore, I recommend that the Court not deduct time for duplication of effort on these dates.

On September 7, 2010, Edison worked 1.5 hours reviewing the motion to dismiss and the law cited therein. On September 8, 2010, Banta worked 1.2 hours for essentially the same task. *Id*. at 12. Once again, the time expended by both lawyers is reasonable, and 1.2 hours is not an excessive period of time for the more senior lawyer to review the motion to assist the junior lawyer in analysis. Therefore, I recommend that the Court not deduct time for duplication of effort on these dates.

Defendants contend that the work of Edison and Banta on September 16, 2010 is duplicative. The time entries on that day show that Edison was involved with a number of issues. It is not clear from the time entries that Banta duplicated Edison's work on that day. *See id.* at 13-14. To the extent that he reviewed the same correspondence to comment on draft responses, that work is not

unreasonable. Therefore, I recommend that the Court not deduct time for duplication of effort on this date.

On September 27, 2010, Edison worked 2.5 hours drafting the response to the motion to dismiss and Banta spent 1.00 reviewing and revising this response. *Id.* at 16. Banta's time was reasonable and was an appropriate participation of a senior attorney in review of the work of a junior attorney. Therefore, I recommend that the Court not deduct any time for duplication of effort on this date.

On December 13, 2010, Defendants assert that Banta's time is duplicative of other work, but Banta did not record any time worked on that date. *Id.* at 23. Therefore, this objection is not well taken.

On December 15 and 16, 2010, Edison worked some part of 4.4 hours[5] preparing and reviewing the motion for summary judgment and affidavit in support, and Banta worked 1.0 hours preparing and revising these documents. *Id.* at 23. Banta's time was reasonable and was an appropriate participation of a senior attorney in review of the work of a junior attorney. Therefore, I recommend that the Court not deduct any time for duplication of effort on these dates.

On January 3, 2011, Edison worked 0.50 hours reviewing correspondence, and Banta worked some part of 1.8 hours on the same task. *Id.* at 26. Although Banta also performed other work, the block billing entry makes it impossible for the Court to determine how much time he spent reviewing

---

[5] Because of the block billing entry by Edison on December 16, 2010, it is impossible to determine how much of the time worked that day was spent reviewing and revising the motion for summary judgment and affidavit in support.

the same correspondence reviewed by Edison. Accordingly, I recommend that 0.50 hours be deducted from Banta's time for the duplicative review.

Defendants object to Banta's time worked on January 7, 2011 as duplicative, but they do not specify the alleged duplication. On that day, Edison worked some part of 2.7 hours reviewing notices of taking depositions and Banta worked some part of 2.20 hours reviewing the same notices. *Id*. at 27. Because other non-duplicative tasks were performed by each lawyer, any duplication reviewing the same notices of deposition is minimal. Therefore, I recommend that the Court not deduct any time for duplication of effort on this date.

On January 12, 2011, Edison worked some part of 3.8 hours drafting a response to a motion for a protective order and reviewing correspondence debtors sent to Senator Nelson. Banta worked some part of 3.5 hours on that day on the same task. Both Edison and Banta spent some part of this time in a conference with the client. *Id.* at 28. Because both lawyers were involved in with respect to different issues, a joint conference call with the client was reasonable, as was the review by the senior lawyer of the response to the motion for protective order. Therefore, I recommend that the Court not deduct any time for duplication of effort on this date.

On January 14, 2011, Edison worked 3.6 hours on various tasks and Banta worked 3.5 hours on various tasks. *Id.* at 28-29. Defendants do not state how their work was duplicative, and the duplication is not evident from review of the time entries. Therefore, I recommend that the Court not deduct any time for duplication of effort on this date.

On January 17 and 18, 2011, Edison worked 10.6 hours and Banta worked 10.4 hours preparing for and attending the same deposition. *Id.* at 29. The transcript of the deposition reflects that only Edison made objections during the deposition. Doc. No. 51. The Court record does not

reflect that Banta participated in any other depositions on that day.  Therefore, I recommend that the Court find that the work of Banta is duplicative of the work of Edison and deduct 10.4 hours of Banta's time.

On January 21, 2011, Edison worked 2.7 hours reviewing documents and drafting a response to a motion for extension of time.  Banta worked 1.0 hour reviewing the same documents and the proposed response.  Doc. No. 80-2 at 29-30.  Banta's work on this date does appear to duplicate the work of Edison without contributing anything of substance to the litigation.  Therefore, I recommend that the Court reduce Banta's time by 1.0 hour.

On March 2, 2011, Edison worked 0.80 hours reviewing correspondence and drafting a reply to the response to the motion for summary judgment.  Banta worked 2.5 hours reviewing and analyzing case law and depositions as part of the preparation of the reply.  *Id.* at 38.  On March 8, 2011, Edison worked part of an additional 5.6 hours drafting the reply, including reviewing the same deposition transcripts reviewed by Banta.  Banta worked 1.4 hours on this day reviewing the reply.  *Id.* at 39.  Because both lawyers appear to have made substantive contributions to the work, I recommend that the Court not deduct any time for duplication of effort on theses date.

On March 16, 2011, Edison worked 2.5 hours drafting correspondence and conferring with opposing counsel.  On the same day, Banta worked some part of 0.50 hours reviewing the correspondence from opposing counsel and other work that is not clearly stated due to the redaction in the time records.  *Id.*  I find Banta's work of reviewing correspondence to be duplicative of Edison's work and recommend that 0.50 hours be deducted from Banta's time.

In sum, I recommend that the Court deduct 12.4 hours from Banta's time.

### 2. Clerical Work.

Defendants contend that work performed by a paralegal on August 5, 2010 and September 30, 2010 was clerical in nature and, therefore, not compensable. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989) ("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). On August 5, 2010, paralegal Fraas worked 2.0 hours preparing the civil cover sheet, scanning documents for filing and researching the proper corporate entities to prepare summons forms. *Id.* at 7-8. The first two tasks are clerical in nature and not compensable, but the research to prepare the summons forms is compensable. Therefore, I recommend that the Court deduct 1.5 hours from paralegal Fraas' time for the noncompensable clerical work.

On the same day, the second paralegal worked 1.0 hour compiling the exhibits for filing in support of the complaint. *Id.* at 8. This is compensable paralegal work, and there I recommend that the Court not reduce this time.

On September 30, 2010, paralegal Fraas worked 0.30 hour downloading a motion to dismiss from CM/ECF and scanning and e-mailing it to an attorney. *Id.* at 16. This task is clerical in nature and not compensable. Therefore, I recommend that the Court deduct 0.30 hours from paralegal Fraas' time.

In sum, I recommend that the Court deduct 1.8 hours of paralegal Fraas' time.

### 3. Unrelated Litigation.

Defendants also assert that several time entries are not related to or are beyond the scope of this litigation. These entries relate to a complaint made by Defendants to the FDIC regarding the

bank's practices or to a settlement offer pertaining to a sale of a portion of the property subject to the bank's mortgage which was made post-judgment.

Specifically, on February 4, 2011, Edison worked a portion of 2.7 hours reviewing a complaint filed by Defendant Kessel against the FDIC and conferring with clients regarding the FDIC. Doc. No. 80-2 at 32-33. Because this work appears to relate to separate litigation, I recommend that the Court deduct 1.0 hour of Edison's time. On the same date, Banta worked 1.5 hours on the FDIC matter. *Id.* at 33. Therefore, Banta's time should be reduced by 1.5 hours.

On February 7, 2011, Edison worked 0.4 hours and Banta billed 1.2 hours for work related to the FDIC. *Id.* at 33. These hours should be deducted.

Similarly, on February 9, 2011, Banta worked 0.2 hours on FDIC related work which time should be deducted. *Id*. at 34.

Defendants also object to 0.40 hours worked by Edison and 0.80 hours worked by Banta on March 29, 2011 regarding the post-judgment sale of a parcel of land. *Id.* at 41. The operative agreements provide for reasonable attorney's fees incurred in collection, among other things. Therefore, I recommend that the hours worked on the post-judgment sale of land not be deducted.

In sum, I recommend that the Court deduct 2.9 hours of Banta's time and 1.40 hours of Edison's time.

### 4. **Incomplete Description.**

Defendants also question an entry of 0.20 hours by Banta on February 8, 2011 which states," Telephone conference with Skip Shields regarding ----," the remainder of which is redacted. Doc. No. 80-2 at 33. This entry is insufficient for the Court to determine whether the work related to the

litigation and whether the time was reasonable. Therefore, I recommend that the Court deduct 0.20 from Banta's time.

   *C.   Lodestar.*

I recommend that the Court award attorney's fees in the amount of $64,248.75 , computed as follows:

| Professional | Hourly Rate | Hours Worked | Fees Awarded |
| --- | --- | --- | --- |
| Eric C. Edison, Esq. | $270.00 | 184.75 | $49,882.50 |
| James W. Carpenter, Esq. | $325.00 | 0.70 | $227.50 |
| Gavin S. Banta, Esq. | $300.00 | 41.5 | $12,450.00 |
| Lindsay Magner, Esq. | $125.00 | 2.5 | $312.50 |
| Adam Wick | $225.00 | 1.5 | $337.50 |
| Annie Fraas (paralegal) | $75.00 | 11.45 | $858.75 |
| DAL  (paralegal) | $75.00 | 2.4 | $180.00 |
| **TOTAL** | | | **$64,248.75** |

Because these computations reflect the reasonable attorneys' fees, the writedown of the fees sought as reflected in the statements should not be applied to the $64,249.75 in fees.

**IV.    RECOMMENDATION.**

Based on the foregoing, I respectfully recommend that the motion for attorneys' fees, Doc. No. 80, be **GRANTED in part and DENIED in part**.  I recommend that BB&T be awarded $3,856.24 in costs and $64,248.75 in attorneys' fees, for a total award of $ 68,104.99.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 6, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy